SCAN

FILED
CLERK, U.S. DISTRICT COURT

APR 22 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRAN TANEJA,<br><br>              Plaintiff,<br><br>    vs.<br><br>CITY OF LONG BEACH, CHIEF ANTHONY W. BATTS, OFFICER ROBERT P. CURRAN and Does 1-100, Inclusive,<br><br>              Defendants. | Case No.:  CV07-4380 ▮R (MANx)<br>*(Exempt from Filing Fees pursuant to Government Code §6103)*<br><br>Honorable Manuel L. Real, Judge<br><br>[~~PROPOSED~~] **PROTECTIVE ORDER**<br><br><br>Complaint Filed: July 11, 2007<br>Trial Date:  June 24, 2008 |

## I.     INTRODUCTION

This case involves a claim that Long Beach Police Officer Robert P. Curran used excessive force when he tasered her on November 10, 2006.  The plaintiff also claims that the City of Long Beach and Police Chief Anthony W. Batts failed to properly train and supervise Officer Curran.   Defendants deny the allegations.

Written discovery has been propounded and responded to by the parties.  In the course of the discovery, however, plaintiff requested Officer Curran's personnel file, as well as Long Beach Police Department Internal Affairs files relating to plaintiff and Officer Curran.  Defendants objected to the production of these files without a Protective Order in place.  Plaintiff has agreed to receipt of the documents requested under a Protective Order.

/ / /

1

00127366.DOC

II.   GOOD CAUSE STATEMENT:

Plaintiff has requested certain items from Officer Curran's personnel file. It should be noted that in response to the requests, defendants will produce the following, respectfully, under a Protective Order:

1.   Documents pertaining to the Internal Affairs investigation of the plaintiff's complaint in this matter, including audiotapes of witnesses; plaintiff's statement; and the notes and summaries of the investigators from Internal Affairs (IA file 06-0353).

2.   Documents pertaining to personnel complaints about Officer Curran, including the witness statements; and the notes, summaries, and conclusions of the investigators from Internal Affairs.   The complaints  span a period of 5 years and encompass complaints made by members of the public and the respective investigations - none of which are related to the lawsuit at issue. Specifically, the Internal Affairs complaints (within Officer Curran's personnel file) are identified as follows:

> * Internal Affairs Employee History summary
> * Internal Affairs file number 04-0077
> * Internal Affairs file number 05-0204

3.   Officer Curran's personnel performance evaluations.

4.   Officer Curran's training records.

5.   Officer Curran's personnel file, except:  documents relating to the employment application and any pre-employment background investigation; documents relating to any medical or psychological condition; and family or financial data.

6.   Documents pertaining to a personnel complaint by Kiran Taneja against Long Beach Police officers who are not defendants in this case (Internal Affairs file

2

1    number 06-0111), except:  statements of the accused officers, any discipline

2    imposed on the accused officers, the Internal Affairs Employee History of the

3    accused officers.

4            Defendants contend that the records identified herein above are confidential

5    and not subject to disclosures absent a protective order.  Specifically, under state

6    law these records are only subject to disclosures after compliance with Evidence

7    Code sections 1040, et seq., commonly referred to as a "Pitchess" motion.  The

8    statutory scheme is based on the premise that:  "Peace officer personnel records . . .

9    are confidential and shall not be disclosed by the department or agency that employs

10   the peace officer in any criminal proceeding except by discovery pursuant to

11   Sections 1043 and 1046 of the Evidence Code" and  Penal Code §832.7(a).  A

12   plaintiff in a civil action would have less of a due process right than a criminal

13   defendant. As a result, civil discovery statutes are not applicable in obtaining this

14   information.

15           A police officer, just like any other person, also has a constitutional right of

16   privacy regarding his or her personnel file under the California Constitution, Article

17   I, Section 1. *City and County of San Francisco v. Superior Court* (1981) 125

18

19   Cal.App.3d 879, 882 [178 Cal.Rptr. 435].

20           Although these rules do not specifically apply to the Federal arena, the

21   disclosure of the materials requested by the plaintiff (in particular the

22

23   personnel/internal affairs complaints identified in category 1-3) without a protective

24   order, would permit other litigants to obtain confidential information not otherwise

25   available to them.  In essence, the disclosures permit other "users" to circumvent the

26   detailed statutory requirements in state court; and permit free exchange of

27

28   information for pending litigation without conducting discovery in federal court.

3

[PROPOSED] PROTECTIVE ORDER

Taneja Proposed Protective Order

Defendants respectfully submit that good cause does exist for the issuance of a Protective Order, and that plaintiff will not be prejudiced in any manner as a result.

III.   PROTECTIVE ORDER

The stipulated points for the Protective Order are stated as follows:

1. Attorneys for the parties shall receive from the Office of the City Attorney, as attorney for the Custodian of Records for the Long Beach Police Department, copies of portions of the personnel files of defendant Robert P. Curran, and the complaints made by Kiran Taneja, as specifically described above.

2. Attorneys for the parties shall personally secure and maintain said copies in their possession to the end that said copies are to be used only for the purposes set forth below and for no other purpose.

3. Copies of the records shall only be used  for  preparing for and prosecuting or defending this case pending the completion of the judicial process including appeal, if any.

4. Copies of the records may be used at time of trial only if so ordered by the court or by stipulation of the parties.  Additionally, reference to the content of any records, or the existence of any such record shall only be made after so ordered by the court or by stipulation of the parties.

5. If necessary in the judgment of the attorneys for the parties in this case, they may show or reveal the contents of the copies to their employees or agents, if

[PROPOSED] PROTECTIVE ORDER

Taneja Proposed Protective Order

the same may <u>actively</u> assist in the prosecution or defense of this case.

6. Any depositions, during which the contents of copies of the records are part of the testimony or copies of the records are attached as exhibits, shall be sealed.

7. After completion of the judicial process in this case, attorneys for the parties shall return the above-referenced records to the Office of the City Attorney as attorney for the Custodian of Records for the Long Beach Police Department and shall retain no copy of such material in any form.

8. Attorneys for the parties shall cause the substance of this Order to be communicated to each person to whom the information is revealed in accordance with this Order.

9. The attorneys for the parties shall not cause or knowingly permit disclosure of the contents of the copies beyond the disclosure permitted under the terms and conditions of this Order, including but not limited to any news media which is inclusive of film or video, television, radio or print.

/ / /

/ / /

/ /

/ / /

/ / /

/ / /

[PROPOSED] PROTECTIVE ORDER

Taneja Proposed Protective Order

1    The Court retains jurisdiction to modify this Protective Order and to make

2 further Orders with respect to control and use of the information delivered to the

3

4 attorneys for the parties pursuant to this Order, including Orders as to the ultimate

5 disposition of said copies while the judicial process is pending.

6

7    DATED:  April 18, 2008                    ROBERT E. SHANNON, City Attorney

8

9                                                         By:

10                                                              HOWARD D. RUSSELL
                                                              Deputy City Attorney
11                                                            Attorneys for Defendants. CITY OF
12                                                            LONG BEACH, ANTHONY W. BATTS,
                                                              OFFICER ROBERT P. CURRAN
13

14
     DATED: April 18, 2008
15

16                                                       SCHWARTZ, DANIELS & BRADLEY

17
                                                          By:
18                                                             WILLIAM A. DANIELS, Esq.
19                                                             Attorneys for Plaintiff
                                                              KIRAN TANEJA
20

21                                                       ORDER

22

23    IT IS SO ORDERED.

24

25    DATED: _April 22_, 2008

26

27                                                        Hon. Manuel L. Real

28                                                        UNITED STATES DISTRICT JUDGE

6

[PROPOSED] PROTECTIVE ORDER

Taneja Proposed Protective Order

**PROOF OF SERVICE**

STATE OF CALIFORNIA          )
                             )  ss
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen and I am not a party to the within entitled action.  My business address is 333 W. Ocean Blvd., 11th Floor, Long Beach, California 90802-4664.

On April 21, 2008, I served the within:

[PROPOSED] PROTECTIVE ORDER

on all interested parties in said action, by placing a true copy and/or original thereof enclosed in sealed envelopes address as follows:

William A. Daniels, Esq.
SCHWARTZ, DANIELS & BRADLEY
29229 Canwood Street, Suite 208
Agoura Hills, CA 91301
**Fax: (310) 478-1232**

☒   **BY MAIL**:  I am "readily familiar" with the **firm's practice** of collection and processing of correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Long Beach, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐   **BY PERSONAL SERVICE**:  I caused to be delivered such document(s) by hand to the person(s) stated above.

☐   **BY FEDERAL EXPRESS**:  I caused said envelope(s) to be sent by Federal Express to the addressee(s).

☐   **BY FACSIMILE MACHINE**:  In addition to the above service by mail, hand delivery or Federal Express, I caused said document(s) to be transmitted by facsimile machine to the addressee(s).Executed on April 21, 2008, at Long Beach, California.

☒   **(Federal)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Carol A. Allan

OFFICE OF THE CITY ATTORNEY
ROBERT E. SHANNON, City Attorney
333 West Ocean Boulevard, 11th Floor
Long Beach, CA 90802-4664

00108749.DOC